# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

JOSE LUIS SANCHEZ
HERNANDEZ,

        Petitioner,

    v.

KRISTI NOEM or ACTING
DIRECTOR, Secretary, U.S.
Department of Homeland Security;
PAMELA BONDI, U.S. Attorney
General;
TODD LYONS, Acting Director,
Immigration and Customs
Enforcement;
JAIME RIOS, Acting Director, Los
Angeles Field Office, Immigration
and Customs Enforcement,
Enforcement and Removal
Operations;
F. SEMAIA, Warden, Adelanto
Detention Facility;
EXECUTIVE OFFICE FOR
IMMIGRATION REVIEW;
IMMIGRATION AND CUSTOMS
ENFORCEMENT; and
U.S. DEPARTMENT OF
HOMELAND SECURITY,

        Respondents.

Case No. 5:26-cv-01089-JWH-KES

**ORDER GRANTING
PETITIONER'S *EX PARTE*
APPLICATION FOR
PRELIMINARY INJUNCTION
[ECF No. 2]**

Before the Court is the *ex parte* Application of Petitioner Jose Luis Sanchez Hernandez for a Temporary Restraining Order ("TRO") and a Preliminary Injunction to enjoin Respondents Kristi Noem, Pamela Bondi, Todd Lyons, Jaime Rios, F. Semaia, Immigration and Customs Enforcement, and United States Department of Homeland Security from continuing to detain him in violation of his Due Process rights.[1]  The Court conducted a hearing on the Application on March 19, 2026.  After considering the papers filed in support and in response,[2] as well as the parties' arguments at the hearing, the Court **GRANTS** Sanchez Hernandez's Application, for the reasons set forth below.

## I.  BACKGROUND

**A.    Factual Allegations**

Sanchez Hernandez has been present and living in the United States for more than 25 years.[3]  He is married to a United States citizen and is the primary caregiver for his disabled biological son and three stepchildren—all four of whom are United States citizens.[4]  Sanchez Hernandez has been released pursuant to an order of release on recognizance ("OREC") since November 2023, and he asserts that he has complied fully with every obligation under his

---

[1]    Pl.-Pet.'s *Ex Parte* Appl. for a TRO (the "Application") [ECF No. 2]

[2]    The Court considered the documents of record in this action, including the following papers:  (1) Application; (2) Resps.-Defs.' Response to the Application (the "Response") [ECF No. 8]; (3) Pl.-Pet.'s Reply to the Response (the "Reply") [ECF No. 9]; and (4) Pl.-Pet.'s Pet. (the "Petition") [ECF No. 1].

[3]    Petition ¶ 2.

[4]    *Id.*

OREC.[5]  Sanchez Hernandez also has a pending application for "cancellation of removal."[6]

On October 15, 2025, at a scheduled Immigration Customs Enforcement ("ICE") check-in, Sanchez Hernandez was detained without any warning, explanation, or pre-deprivation hearing.[7]  Sanchez Hernandez is currently detained at Adelanto ICE Processing Center.[8]  On December 4, 2025, an immigration judge ("IJ") refused to provide Sanchez Hernandez with a bond hearing based upon the IJ's understanding that agency guidance categorized Sanchez Hernandez as a detainee subject to mandatory detention under 8 U.S.C. § 1225.[9]

**B.      Procedural History**

On March 9, 2026, Sanchez Hernandez filed both the instant Petition and the instant Application.  In his Application, Sanchez Hernandez seeks the following relief:

- requiring Respondents to release him immediately on his OREC without GPS monitoring and enjoining Respondents from re-detaining him; or
- in the alternative, ordering Sanchez Hernandez's immediate release from Respondents' custody and enjoining Respondents from re-detaining him unless they demonstrate at a pre-deprivation bond hearing, by clear and convincing evidence, that he is a flight risk or danger to the community, such that his physical custody is required.[10]

---

[5]      *Id.* at ¶¶ 1 & 5.

[6]      *Id.* at ¶ 5.

[7]      *Id.* at ¶ 6.

[8]      *Id.* at ¶ 12.

[9]      *Id.* at ¶ 7.

[10]      Application 1:20-2:1.

## II.  LEGAL STANDARD

The standard for issuing a TRO is identical to the standard for issuing a preliminary injunction.  *See Lockheed Missile & Space Co. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995).  "A preliminary injunction is an extraordinary and drastic remedy; it is never awarded as of right."  *Munaf v. Geren*, 553 U.S. 674, 689 (2008) (citations omitted).  An injunction is binding only on parties to the action, their officers, agents, servants, employees, and attorneys and those "in active concert or participation" with them.  Fed. R. Civ. P. 65(d)(2).

A party seeking a TRO or a preliminary injunction must establish four elements:  "(1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tip in its favor, and (4) that the public interest favors an injunction."  *Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc.*, 758 F.3d 1069, 1071 (9th Cir.), *as amended* (Mar. 11, 2014) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)).  When the nonmoving party is a governmental entity, the last two *Winter* factors "merge."  *Nken v. Holder*, 556 U.S. 418, 435 (2009).

"The court may issue a preliminary injunction only on notice to the adverse party."  Fed. R. Civ. Pro. 65(a)(1).

## III.  ANALYSIS

Here, all parties are on notice, and Respondents have been given the opportunity to respond in writing to Petitioner's Application.  Accordingly, the Court treats Sanchez Hernandez's Application as a request for a preliminary injunction and **GRANTS** it for the reasons set forth below.

Sanchez Hernandez argues that Respondents violated his procedural Due Process rights by re-detaining him without providing any pre-detention or prompt post-detention process.  The Court concludes that Sanchez Hernandez

satisfies the *Winter* factors with respect to his Due Process argument and, therefore, that the issuance of a preliminary injunction is appropriate.[11]

## A.    Likelihood of Success on the Merits

Due process rights extend to noncitizens present in the United States. *See Zadvydas v. Davis*, 533 U.S. 678, 693-94 (2001) ("[T]he Due Process Clause applies to all persons within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." (citation modified)).  Sanchez Hernandez fits that description.

Thus, the outstanding question is "what process is due." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972).  "The constitution typically requires some kind of a hearing before the State deprives a person of liberty or property, particularly because the loss of liberty cannot be fully compensated after the fact." *Salcedo Aceros v. Kaiser*, 2025 WL 2637503, at *5 (N.D. Cal. Sept. 12, 2025) (citation and quotation omitted).  When determining what procedures are required by Due Process, a court applies the three-part *Mathews* test, which involves an analysis of the following:  (1) "the private interest" at stake; (2) "the risk of an erroneous deprivation" without additional procedures; and "the probable value . . . of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens imposed by the additional procedures." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

### 1.    Private Interest at Stake

When determining the private interest at stake, the court looks to the degree of potential deprivation. *See Nozzi v. Hous. Auth. of City of Los Angeles*, 806 F.3d 1178, 1193 (9th Cir. 2015).  Here, the degree of potential deprivation is high because Sanchez Hernandez has been completely deprived of physical

---

[11]    *See generally id.*

liberty.  Because the degree of potential deprivation is high, this factor favors Sanchez Hernandez.

### 2.      Risk of Erroneous Deprivation

"[T]he risk of an erroneous deprivation [of liberty] is high" when the petitioner "has not received any bond or custody redetermination hearing." *A.E. v. Andrews*, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025).  "Due Process protects against immigration detention that is not reasonably related to the legitimate purpose of effectuating removal or protecting against danger and flight risk." *Padilla v. ICE*, 704 F. Supp. 3d 1163, 1172 (W.D. Wash. 2023) (citing *Zadvydas*, 533 U.S. at 690–94)).  Here, Respondents took Sanchez Hernandez into immigration custody without notice or warning after he arrived for his check-in.  Compounding that lack of process, Respondents have continued to deny Sanchez Hernandez a meaningful post-detention opportunity to contest his detention before a neutral decisionmaker.[12]  Without an initial justification for re-detention or a bond hearing on the merits, the risk of erroneous deprivation is high.  Therefore, this factor favors Sanchez Hernandez.

### 3.      The Government's Interest

To determine the Government's interest, the Court must look at the function involved and the fiscal and administrative burdens imposed by the additional procedures.  Here, the Court finds that the Government's interest in detaining Sanchez Hernandez without providing him with notice and a hearing is minimal because the effort and cost required to provide Sanchez Hernandez with those procedural safeguards is minimal.  *See Doe v. Becerra*, 787 F. Supp. 3d

---

[12]      Sanchez Hernandez's December 4, 2025, hearing before an IJ did not provide Sanchez Hernandez with a meaningful opportunity to be heard because the IJ concluded that Sanchez Hernandez was subject to mandatory detention under Immigration and Nationality Act § 235.  *See* Petition ¶ 7.

1083, 1094 (E.D. Cal. 2025). Because the Government's burden is low, this factor favors Sanchez Hernandez.

The Court, having found that all of the *Mathews* factors favor Sanchez Hernandez, concludes that procedural Due Process requires a pre-deprivation notice of the reasons for re-detention and a prompt hearing before a neutral arbiter.

The Court also notes that petitioners such as Sanchez Hernandez, who are detained within the United States, are detained pursuant to 8 U.S.C. § 1226, and, thus, they have a statutory right to a bond hearing at the outset of their detention. *See, e.g.*, *Pelaez Calderon v. Noem*, Case No. 5:25-cv-02633-JWH-AS (C.D. Cal. Oct. 24, 2025); *Arreola Armenta v. Noem*, Case No. 5:25-cv-02416-JFW-SP (C.D. Cal. Sept. 16, 2025); *Mosqueda v. Noem*, 2025 WL 2591530 (C.D. Cal. Sept. 8, 2025); *Benitez v. Noem*, Case No. 5:25-cv-02190-RGK-AS (C.D. Cal. Aug. 26, 2025); *Arrazola-Gonzalez v. Noem*, 2025 WL 2379285 (C.D. Cal. Aug. 15, 2025); *Ceja Gonzalez v. Noem*, Case No. 5:25-cv-2054-ODW-BFM (C.D. Cal. Aug. 13, 2025); and *Maldonado Bautista v. Santacruz*, Case No. 5:25-cv-01873-SSS-BFM (C.D. Cal. July 28, 2025). Therefore, because Sanchez Hernandez's instant detention is governed by 8 U.S.C. § 1226, he was entitled to—but did not receive—an individualized bond hearing at the outset of his re-detention. That deprivation of an individualized bond hearing is an independent violation of Sanchez Hernandez's statutory rights. Furthermore, in the event that Respondents elect to re-detain Sanchez Hernandez with the required pre-deprivation due process, the bond hearing requirement set forth in 8 U.S.C. § 1226(a) applies, and Respondents must provide Sanchez Hernandez with a bond hearing at the outset of that detention.

Accordingly, because Respondents denied Sanchez Hernandez constitutionally and statutorily required pre- and post-deprivation due process,

-7-

the Court concludes that Sanchez Hernandez is likely to succeed on the merits of his procedural Due Process claim.

### B.    Irreparable Harm

Sanchez Hernandez has been detained without the procedures or notice required by the Due Process Clause of the Constitution and without the bond hearing required by 8 U.S.C. § 1226(a).  Thus, he has been deprived of process in a manner that likely violates his constitutional rights.  "It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)).  The Court finds that Sanchez Hernandez would be immediately and irreparably harmed by the continued deprivation of his liberty without constitutionally mandated due process.  *See Hernandez v. Sessions*, 872 F.3d 976, 994-95 (9th Cir. 2017) (finding that irreparable harm was likely to result from the Government's policy of not considering financial ability to pay immigration bonds); *see also Rodriguez v. Robbins*, 715 F.3d 1127, 1144-45 (9th Cir. 2013) (finding that irreparable harm was likely to result from the Government's reading of immigration detention statutes as not requiring a bond hearing for noncitizens subject to prolonged detention).

### C.    Balance of Equities and Public Interest

Because Sanchez Hernandez challenges actions and a policy that are likely in violation of his constitutional rights, both the equities and the public interest favor the issuance of a preliminary injunction.  *See Galvez v. Jaddou*, 52 F.4th 821, 832 (9th Cir. 2022) ("[N]either equity nor the public's interest are furthered by allowing violations of federal law to continue.").  Furthermore, "[g]enerally, public interest concerns are implicated when a constitutional right has been violated, because all citizens have a stake in upholding the Constitution." *Zhang v. Barr*, 612 F. Supp. 3d 1005, 1017 (C.D. Cal. 2020).

Accordingly, the Court concludes that both factors weigh in favor of Sanchez Hernandez.

Thus, because the *Winter* factors all weigh in Sanchez Hernandez's favor, the Court **GRANTS** Sanchez Hernandez's Application.

### IV.  DISPOSITION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1.  Sanchez Hernandez's instant Application [ECF No. 2] is **GRANTED**.

2.  Respondents are **PRELIMINARILY ENJOINED** from continuing to detain Sanchez Hernandez.

3.  Respondents are **DIRECTED** to release Sanchez Hernandez **FORTHWITH** under the terms and conditions of his existing release, as if Sanchez Hernandez had not been detained.  This Order does not provide Sanchez Hernandez with blanket immunity from future detention—that relief is likely beyond the Court's jurisdiction—but any future enforcement actions after release must comply with Due Process requirements.

4.  Pursuant to General Order No. 05-07, further proceedings on the merits of Sanchez Hernandez's Petition are **REFERRED** to the Magistrate Judge assigned to this case.

**IT IS SO ORDERED.**

Dated:  March 20, 2026

John W. Holcomb
UNITED STATES DISTRICT JUDGE