# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS SANCHEZ HERNANDEZ,<br><br>      Petitioner,<br><br>   v.<br><br>KRISTI NOEM, *et al.*,<br><br>      Respondents. | Case No. 5:26-cv-01089-JWH-KES<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition,[1] the other records on file herein, and the Report and Recommendation of the U.S. Magistrate Judge.[2]  Further, the Court has engaged in a *de novo* review of those portions of the Report and Recommendation to which objections have been made.[3]

In this immigration detention matter, through her R&R, the Magistrate Judge recommends that this Court grant habeas relief on procedural due process claim asserted by Petitioner Jose Luis Sanchez Hernandez by adopting the Court's ruling on the temporary restraining order and preliminary injunction application as the final ruling on the merits.[4]  The Magistrate Judge further recommends that, pursuant to that reasoning, this Court order Respondents not to re-detain Sanchez Hernandez without a pre-detention hearing before a neutral decision maker where Respondents bear the burden of proving by clear and convincing evidence that Sanchez Hernandez is a flight risk or danger or that there is a significant likelihood of removal in the reasonably foreseeable future.[5]  Respondents' objections to the R&R do not merit a different result.

Respondents object that the remedy of a pre-detention hearing exceeds the narrow scope of habeas, particularly by encroaching on territory foreclosed by 8 U.S.C. § 1252(g).[6]  That statute provides that, notwithstanding 28 U.S.C. § 2241, "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to

---

[1]    Pet. [ECF No. 1].

[2]    Report and Recommendation (the "R&R") [ECF No. 15].

[3]    Resps.' Obj. to R&R (the "Objections") [ECF No. 17].

[4]    *See generally* R&R.

[5]    *Id.*

[6]    Objections 2:22-4:11.

commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." Respondents' objection is not persuasive because this is a habeas action, with nothing to suggest that Sanchez Hernandez seeks to use the action to challenge removal. Sanchez Hernandez "does not seek relief based on a challenge to the decision to 'commence proceedings,' to the 'adjudicat[ion]' of his case, or the 'execution' of any corresponding removal order." *Venega-Maltez v. Semaia*, 2026 WL 846035, at *5 (C.D. Cal. Mar. 24, 2026); *see also Yang v. Kaiser*, 2025 WL 2791778, at *3 (E.D. Cal. Aug. 20, 2025) (same, citing cases).

Respondents also object that the recommended remedy fails the Supreme Court's narrow-tailoring rule.[7] The Supreme Court has emphasized that "an injunction must be couched in the narrowest terms that will accomplish the pin-pointed objective of the injunction." *Madsen v. Women's Health Ctr., Inc.*, 512 U.S. 753, 767 (1994). But the injunction here would serve its pin-pointed objective, which is to prevent Sanchez Hernandez from being detained without pre-deprivation notice and a hearing, as he previously had been. The habeas "statute does not limit the relief that may be granted to discharge of the applicant from physical custody. Its mandate is broad with respect to the relief that may be granted." *Carafas v. LaVallee*, 391 U.S. 234, 239 (1968). Under its broad mandate, the Court finds it appropriate to grant a prospective remedy enjoining future re-detention in the absence of constitutionally required process.

Respondents further object that an existing statutory and regulatory framework already governs revocation of an order of release on recognizance ("OREC").[8] Sanchez Hernandez, who had been free on an OREC since November 2023, was detained without notice or warning after he arrived for his

---

[7] *Id.* at 5:15-6:2.

[8] *Id.* at 6:3-8.

check-in with Immigration and Customs Enforcement on October 15, 2025.[9] That prior deprivation "suggests that the procedures created by the regulatory framework have proven insufficient to meaningfully mitigate the risk of erroneous deprivation of liberty in this case." *Yang*, 2025 WL 2791778, at *9 (citing cases). Thus, the Court agrees with the R&R that due process requires a pre-detention hearing before a neutral decisionmaker.[10]

For those reasons, it is hereby **ORDERED** as follows:

1.      The findings and recommendations of the Magistrate Judge set forth in the R&R are **ACCEPTED** and **ADOPTED**.

2.      Judgment shall be entered **PARTIALLY GRANTING** the Petition. Specifically,

a.      Claim Two is **GRANTED**. The ruling on the temporary restraining order and preliminary injunction application are **ADOPTED** as the Court's final judgment.

b.      Pursuant to the same reasoning, any future enforcement actions must comply with Due Process requirements. Specifically, Respondents may not re-detain Sanchez Hernandez without providing him with a pre-detention hearing before a neutral decisionmaker where Respondents bear the burden of demonstrating by clear and convincing evidence that:

i.      Sanchez Hernandez is a flight risk or a danger such that his physical custody is required; or

---

[9]      Order Granting Pet.'s *Ex Parte* Appl. for Preliminary Injunction (the "<u>PI Order</u>") [ECF No. 11] 2:12-3:10.

[10]      R&R 4:14-17.

ii.      on account of changed circumstances, there is a significant likelihood that Sanchez Hernandez may be removed in the reasonably foreseeable future.

c.      Claims One and Three, which challenge the legality of Sanchez Hernandez's detention, are **DENIED as moot**.

**IT IS SO ORDERED.**

Dated: June 4, 2026

John W. Holcomb
UNITED STATES DISTRICT JUDGE